UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

United States of America,

    Plaintiff-Appellee,

v.

Anthony Donnelle Brown,
a/k/a Ed Brown,

    Defendant-Appellant,

Criminal No. 04-260 (1) (RHK/AJB)
Civil No. 06-315 (RHK)

**ORDER**

---

### INTRODUCTION

In 2004, a jury found Defendant guilty of being a felon in possession of a firearm. He was sentenced to 100 months in prison, and he is presently serving his sentence at the Federal Correctional Institution in Pekin, Illinois. In January 2006, Defendant filed a motion seeking relief under 28 U.S.C. § 2255. (Docket No. 55.) Defendant's § 2255 motion was denied by this Court's order of April 19, 2006. (Docket No. 59.) Defendant later filed a "Motion To Alter or Amend Judgment," (Docket No. 60), asking the Court to reconsider the order denying his § 2255 motion. By order dated May 15, 2006, (Docket No. 61), the Court denied Defendant's Motion to Alter or Amend Judgment, and also ruled that Defendant was not entitled to a Certificate of Appealability, ("COA"), in this matter.

On July 14, 2006, Defendant filed a Notice of Appeal, (Docket No. 63), which was accompanied by a motion requesting a COA, (Docket No. 64), and two applications seeking leave to proceed in forma pauperis, ("IFP"), on appeal, (Docket Nos. 62 and 65). For the reasons discussed below, Defendant's request to proceed IFP on appeal will be granted, but his request for a COA will be denied.

**DISCUSSION**

    A.  <u>IFP Application</u>

Because Defendant was represented by appointed counsel during his original criminal prosecution, he is automatically entitled to IFP status on appeal, unless the District Court affirmatively certifies otherwise. Fed. R. App. P. 24(a)(3). Although the Court is satisfied that Defendant has no meritorious grounds for appeal, the Court is not prepared to say that an appeal could not be taken "in good faith" or that Defendant is otherwise ineligible for IFP status on appeal. Therefore, Defendant does not need any further authorization from the Court to proceed IFP on appeal. However, to eliminate any possible doubt about the matter, the Court will grant Defendant's pending application for leave to proceed IFP on appeal.

    B.  <u>Certificate of Appealability</u>

A federal prisoner is not permitted to appeal a final order in a § 2255 proceeding without first securing a COA. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b)(1). Federal district courts cannot grant a COA unless the prisoner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); <u>see</u> <u>also</u>, <u>Tiedeman v. Benson</u>, 122 F.3d 518, 522 (8th Cir. 1997).

A COA will not necessarily be granted simply because an appeal is pursued in good faith and raises a non-frivolous issue. <u>Kramer v. Kemna</u>, 21 F.3d 305, 307 (8th Cir. 1994) ("[g]ood faith and lack of frivolousness, without more, do not serve as sufficient bases for issuance of a certificate"). Instead, the prisoner must satisfy a higher standard; he must show that the issues to be raised on appeal are "debatable among reasonable jurists," that different courts "could resolve the issues differently," or that the issues otherwise "deserve further proceedings." <u>Flieger v. Delo</u>, 16 F.3d 878, 882-83 (8th

Cir.), cert. denied, 513 U.S. 946 (1994), citing Lozado v. Deeds, 498 U.S. 430, 432 (1991) (per curiam); Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 525 U.S. 834 (1998). When a district court grants a COA, it is "inform[ing] the Court of Appeals that the Defendant presents a colorable issue worthy of an appeal." Kruger v. Erickson, 77 F.3d 1071, 1073 (8th Cir. 1996) (per curiam). See also Slack v. McDaniel, 529 U.S. 473, 484 (2000) (granting a COA signifies that the issues raised "'deserve encouragement to proceed further'"), quoting Barefoot v. Estelle, 463 U.S. 880, 893, n. 4 (1983).

In this case, the Court has already determined that Defendant has not made a substantial showing of the denial of a constitutional right, and, accordingly, he should not be granted a COA. (Order dated May 15, 2006; [Docket No. 61].) The Court finds no good reason to re-visit that issue here. Because the Court has already found that Defendant is not entitled to a COA in this case, his current request for a COA will be summarily denied.

## CONCLUSION

Based upon the foregoing, and all of the files, records and proceedings herein,

**IT IS HEREBY ORDERED** that:

1. Defendant's request to proceed in forma pauperis on appeal, (Docket Nos. 62 and 65), is **GRANTED**; and

2. Defendant's request for a Certificate of Appealability in this matter, (Docket No. 64), is **DENIED**.

Dated: July  25 , 2006

                                              s/Richard H. Kyle
                                              RICHARD H. KYLE

United States District Judge